IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ARCHIE TINDELL, )
 )
       Plaintiff, ) Civil Action No. 07-1230
 )
v. ) Judge McVerry
 ) Magistrate Judge Caiazza
JEFFREY A. BEARD, et al., )
 )
       Defendants. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss or for More Definite Statement filed by Defendant Herbik (Doc. 15) be granted, that the Partial Motion to Dismiss filed by the "Remaining Defendants"[1] (Doc. 23) be granted, and that the Plaintiff's Motions to Amend the Complaint (Doc. 30) and Motion to Remand (Doc. 31) be denied.

### II. REPORT

The Plaintiff, Archie Tindell ("Tindell" or "the Plaintiff"), is an inmate confined at the State Correctional Institution at Fayette, located in LaBelle, Pennsylvania ("SCI-Fayette"). Tindell filed a Complaint in the Court of Common

---

[1] Defendants Nicholson, Manchez, Legue, Crumb, Keposky, Tretinik, Beard, Wilson, Harros, The State Correctional Institution at Fayette, Ruvo, Kross, Dupont, and Cadwell will be referred to either by their names, or collectively as the "Remaining Defendants".

Pleas of Allegheny County alleging causes of action pursuant to the provisions of 42 U.S.C. §1983 against several named Defendants. The case was removed to this court.

Presently before the court are: (1) a Motion to Dismiss or for More Definite Statement filed by Defendant Herbik (Doc. 15); (2) a Partial Motion to Dismiss filed by the Remaining Defendants (Doc. 23); (3) the Plaintiff's Motion to Amend the Complaint (Doc. 30); and (4) the Plaintiff's Motion to Remand (Doc. 31).

1. **Dr. Herbick's Motion to Dismiss (Doc. 15).**

The allegations against Dr. Herbick are that the Plaintiff was examined by him on May 18, 2007, and that other Defendants falsely informed Herbick that Tindell, who is an insulin-dependent diabetic, was on a food strike (Doc. 1, Ex. A, ¶¶ 25, 27). Tindell alleges that he was force-fed on Dr. Herbick's orders, even though Tindell requested that his blood sugar be tested instead.

As an initial matter, Tindell was twice ordered to respond to Dr. Herbick's Motion to Dismiss (Docs. 17, 27). He was also granted an additional extension of time (Doc. 29) but he has failed to file a response. Thus, the Motion to Dismiss should be granted as being unopposed. The Court will, nonetheless, address the merits of the Motion.

The standard applicable to a Rule 12(b)(6) motion is that dismissal is appropriate if no relief could be granted under any set of facts that could prove consistent with the allegations in

the Complaint. Hishon v. Spalding, 467 U.S. 69, 73 (1984); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir.1986). Additionally, the Supreme Court recently clarified the Rule 12(b)(6) standard in Bell Atlantic Corporation v. Twombly. ___ U.S. ___, 127 S. Ct. 1955 (2007). Specifically, the Court "retired" the language in Conley v. Gibson, 355 U.S. 41, (1957); i.e., "'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief.'" Twombly, 127 S. Ct. at 1968 (quoting Conley, 355 U.S. at 45-46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

Tindell's claims filed pursuant to 42 U.S.C. §1983 are premised upon the Eighth Amendment of the United States Constitution, which protects against the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. This protection guarantees incarcerated persons humane conditions of confinement. Generally, prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1978). In the context of a claimed denial of medical treatment, an inmate must show two elements to demonstrate a violation of his rights as protected by the Eighth Amendment: 1) that he was suffering from a "serious" medical

need; and 2) that the prison officials were "deliberately indifferent" to a serious medical need. Id.

The first element requires a plaintiff to demonstrate a medical need that is objectively "sufficiently serious." Here, while being an insulin-dependent diabetic qualifies as a serious medical need, Tindell alleges that he was, in fact, not in any distress at the time he was force-fed. Hence, it may be that Tindell has not alleged a sufficiently serious condition at the time of the medical treatment. The Court, nevertheless, will assume that he has alleged a serious medical condition.

Even where there is a serious medical condition -as will be assumed here- a prisoner must also allege facts which would permit a jury to conclude that the defendant prison officials *subjectively* acted with a sufficiently culpable state of mind. Twombly, 127 S. Ct. at 1965 ("[f]actual allegations must be enough to raise a right above the speculative level"). The Supreme Court has stated that "in the medical context, an inadvertent failure to provide medical care" does not rise to the level of deliberate indifference. Gamble, 429 U.S. at 105-106. And while an intentional refusal to provide *any* medical treatment to an inmate suffering from a serious medical need manifests deliberate indifference and is actionable, the right to be free from cruel and unusual punishment does not include the right to the treatment of one's choice. Young v. Quinlan, 960 F.2d 351, 358 n.18 (3d Cir. 1992)(an inmate's disagreement with prison

personnel over the exercise of medical judgment does not state a claim for relief under section 1983); White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).

With the relevant law as a backdrop -and accepting as true the facts set out in his Complaint- the court finds that Tindell has alleged that Defendant Herbick made an error of judgment concerning his need to be force-fed to avoid complications associated with Tindell's diabetes. This is a negligence claim and nothing more. All Courts of Appeals agree that allegations of professional negligence do not state a constitutional claim. Gamble, 429 U.S. 106, n.14.

Next, Tindell's allegations of a Due Process violation against Dr. Herbick fail because the claim is premised upon the same facts as his Eighth Amendment claim. "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" Albright v. Oliver, 510 U.S. 266, 272 (1994)(quoting Graham v. Connor, 490 U.S. 386, 395 (1989)) (footnote omitted). In this case, Tindell's claim against Dr. Herbick arises under the Eighth Amendment, and he may not recast it as a substantive due process claim.

Tindell's assertion of an equal protection claim likewise fails. The Equal Protection Clause of the Fourteenth Amendment "is essentially a direction that all persons similarly situated should be treated alike." Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). In order to state an equal protection claim, a plaintiff must show that: (1) the complaining person, compared with others similarly situated, was selectively treated; (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion; and (3) the defendant was motivated by an intent to punish or inhibit the exercise of the constitutional rights of a complaining party, or by a malicious or bad faith intent to injure the complaining party. Homan v. City of Reading, 963 F. Supp. 485, 490 (E.D. Pa. 1997) (citing Zahra v. Town of Southold, 48 F.3d 974 (2d Cir. 1995)); see also Government of the Virgin Islands v. Harrigan, 791 F.2d 34 (3d Cir. 1986). Here, Tindell has failed to allege that any other inmate was similarly situated to him and was treated differently; he has also failed to allege any impermissible motive for Dr. Herbick's actions.

Finally, Tindell asserts that Dr. Herbick's actions in ordering him to be forced-fed amounts to a claim for medical malpractice under Pennsylvania law. Dr. Herbick seeks to have Tindell's state law claim for medical malpractice dismissed for failure to file a certificate of merit as required by

Pennsylvania state law. Dismissal here is appropriate. See Rodriquez v. Smith, 2005 WL 1484591 (E.D.Pa.2005)(agreeing with other district courts "that [Pennsylvania Rule of Civil Procedure 1042.3] should be applied by federal courts as controlling substantive law under Erie R.R. v. Tompkins, 304 U.S. 64 . . . (1938), and its progeny," dismissing pro se prisoner['s] . . . medical malpractice claim for failure to submit the required certificate).

Defendant Herbick's Motion to Dismiss should be granted in all respects.

### 2. The Remaining Defendants' Motion to Dismiss (Doc. 23).

Again, as an initial matter, Tindell was twice ordered to respond to the Motion to Dismiss (Docs. 26, 27) and he was granted an additional extension of time within which to respond (Doc. 29). He has not responded to the Motion to Dismiss, and it should be granted as being unopposed. Again, the Court will, nonetheless, address the merits of the motion.

a. The Cell Search

Tindell alleges that Defendants Leggett, Crumb, Ruvo, Caldwell and Kremposky improperly searched his cell and seized some of his personal property. The Plaintiff's rights under the Due Process Clause -in the context of a seizure of property- are limited to a claim that no adequate post-deprivation remedy exists. Hudson v. Farmer, 468 U.S. 517, 533 (1984). The Court of Appeals for the Third Circuit has held that the Pennsylvania

Department of Corrections' grievance procedure "provides an adequate post-deprivation remedy." Durham v. Department of Corrections, 173 Fed.Appx. 154, 157 (3d Cir. 2006). Thus, to the extent that Tindell is making a due process claim premised upon the seizure of his property, that action necessarily fails. Likewise, the Fourth Amendment is not implicated by the seizure because its "proscription against unreasonable searches does not apply within the confines of the prison cell." Hudson, 468 U.S. at 526. These same Defendants concede, however, that Tindell has stated a retaliation claim against them based upon the search and seizure of property. Hence, the retaliation claim survives the Motion to Dismiss.

    b. The Legal Materials

Defendants also seek dismissal of Tindell's claim in which he alleges that he was denied access to the courts as a result of the seizure of his legal materials. In order to state a claim, however, it is not sufficient to allege, as Tindell has, that some of his legal materials were taken from him. Instead, Tindell must identify the underlying basis of the action which he alleges was impeded by the seizure. Lewis v. Casey, 518 U.S. 343, 354 (1996); Christopher v. Harbury, 536 U.S. 403, 415-17 (2002). In Christopher, the Supreme Court explicitly held that a plaintiff must identify a *non-frivolous claim* which was *actually impacted* by the complained-of activity in order to state a claim. "Like any other element of an access claim, the underlying cause of

action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." Chrostopher, 536 U.S. at 416; Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir. 1997)(no "actual injury" where court actually received prisoner's correspondence and considered his arguments). Tindell makes no allegation of an actual claim which was impaired by the asserted seizure of legal materials and, accordingly, his claim that he was denied access to the courts must fail.

   c. <u>Conspiracy Claims - 42 U.S.C. §1985</u>

The essential elements of a Section 1985 claim are these: (1) a conspiracy; (2) motivated by racial or class-based discriminatory animus; (3) an act in furtherance of the conspiracy; and (4) an injury to a person or a deprivation of any right or privilege. <u>Lake v. Arnold</u>, 112 F.3d 682, 685 (3d Cir.1997). To state a claim of conspiracy pursuant to 42 U.S.C. § 1985(3), a plaintiff must allege that "racial, or otherwise class-based, invidiously discriminatory animus lay behind the defendants' actions," and must "set forth facts from which a conspiratorial agreement between the defendants can be inferred." <u>Parrott v. Abramsen</u>, 200 Fed. Appx. 163, 165 (3d Cir. 2006); see also <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102,(1971). "[M]ere conclusory allegations of deprivations of constitutional rights are insufficient to state a § 1985(3) claim." <u>D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch.</u>, 972 F.2d 1364, 1377 (3d Cir.1992). It is imperative, therefore, for Tindell to "set

forth facts from which a conspiratorial agreement between the defendants can be inferred." Parrott, 200 Fed.Appx. at 165 (citing Forbes v. Reno, 893 F.Supp. 476, 483 (W.D.Pa.1995), aff'd, 91 F.3d 123 (3d Cir.1996)) (table).

Here, Tindell does no more than make conclusory allegations of a conspiracy on the part of the Defendants, and he makes no attempt to identify a race-based animus. Hence, his §1985 claim should be dismissed.

d. Equal Protection Claims

As with the Equal Protection claim made against Dr. Herbick, Tindell also fails to allege as to the other Defendants that he was treated differently than other similarly situated inmates, or that there was a race-based or other constitutionally-infirm motivation for their actions. These claims should also be dismissed.

e. Deliberate Indifference

Tindell's assertion of deliberate indifference to his serious medical needs against Defendant Tretinik, who assisted Dr. Herbick in force-feeding Tindell, must be dismissed for the same reason that the claim failed as to Dr. Herbick. Tindell was not denied medical care and, at most, he is asserting that he was given medical treatment which he did not request. This is not a cognizable Eighth Amendment claim.

### f. Misconduct Process - Denial of Due Process

Tindell also alleges that Defendants Cross and DuPont somehow violated his rights in the manner in which they handled misconduct charges filed against him. He does not, however, allege that he suffered any adverse action due to the misconducts. Further, even if he did allege that he served time in disciplinary custody, this would not be sufficient to establish a liberty interest which would entitle Tindell to due process protection. Sandin v. Conner, 515 U.S. 472 (1995)(segregated confinement for brief periods is not atypical hardship sufficient to trigger due process protections); Griffin v. Vaughn, 112 F.3d 703 (3d Cir. 1997)(it is not atypical to be exposed to conditions of administrative custody for periods as long as fifteen months because such stays are within the expected parameters of an inmate's sentence).

### g. State Law Claims

The Defendants move to dismiss any state law claims raised against them on the basis that Pennsylvania provides immunity from suit for officials and employees acting within the scope of their employment. 42 Pa. Cons. Stat. Ann. §§ 8501, 8522. "In order to overcome the defense of sovereign immunity under Section 8522 of the Judicial Code, 42 Pa. Cons. Stat. § 8522,[plaintiffs] must meet two distinct requirements: (1) they must show that they possess a common law or statutory cause of action against a Commonwealth party; and (2) they must demonstrate that the cause

of action falls within one of the exceptions to sovereign immunity contained in Section 8522(b)." Pennsylvania Turnpike Commission v. Nationwide Trucking Services, Inc., 319 F. Supp.2d 569, 579 (W. D. Pa. 2004)(internal citation omitted). These exceptions are limited in scope, and are to be strictly construed. White by Pearsall v. School Dist. of Phila., 553 Pa. 214, 718 A.2d 778, 779 (1998). The court has reviewed the exceptions, and can find none that are arguably applicable to the claims made by the Plaintiff.

Finally, Tindell's claims under the Pennsylvania Constitution must be dismissed because no private cause of action exists to assert such claims. Douris v. Schwieker, 229 F.Supp.2d 391 (E. D. Pa. 2002) (explaining that although Pennsylvania courts have not yet addressed the issue, federal courts have consistently held that no private cause of action is available under the Pennsylvania Constitution); see also, Sabatini v. Reinstein, No. CIV. A. 99-2393, 1999 WL 636667 (E. D. Pa. Aug.20, 1999).

h. Personal Involvement of Supervisory Defendants

Tindell alleges that Defendants Beard, Wilson, Harris, Nicholson, Manchas, Cross, and Dupont are responsible for the actions of their subordinates, and that they were aware of the Plaintiff's complaints about his treatment -or were involved in the misconduct process. Officials may be liable under Section 1983 for the acts of those over whom they have supervisory

responsibility. Supervisory liability, however, may not be premised solely upon a theory of *respondeat superior.* Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988). Rather, some personal involvement of the supervising official must be alleged. Id. Supervisory liability for Section 1983 violations can be established by evidence showing that officials: participated in violating a plaintiff's rights; directed others to violate a plaintiff's rights; knew of, and acquiesced in, their subordinates' violation of a plaintiff's rights; or knew of, and tolerated, past or ongoing misbehavior. Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 & n.3 (3d Cir.1995).

A supervising public official has no affirmative duty to supervise and discipline to prevent violations of constitutional rights by his or her subordinates. Notwithstanding, when a supervising official knowingly permits a continuing custom or policy that results in harm to the plaintiff, Section 1983 liability may attach. Colburn v. Upper Darby Township, 838 F.2d 663, 673 (3d Cir.1988), cert. denied, 489 U.S. 1065 (1989). However, at a minimum such liability may be imposed "only where there are: (1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and (2) circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate." Id.

Here, Tindell's claims against Defendants Beard and Wilson are based on classic *respondeat superior* allegations, *i.e.*, Tindell alleges that these Defendants are responsible generally for the overall operation of the penal facility at which the alleged misconduct occurred. These allegations are clearly insufficient to state a civil rights claim. <u>See</u>, <u>e.g.</u>, <u>Rode</u>, 845 F.2d at 1207 (supervisory liability may not be premised solely on a theory of *respondeat superior*.).

Further, to the extent that there is an allegation that other supervisory Defendants were involved in some way in addressing Tindell's complaints of mistreatment, this is, likewise, an insufficient basis for Section 1983 liability. <u>Jefferson v. Wolfe</u>, 2006 WL 1947721, at *17 (W. D. Pa. 2006)(denial of grievance or appeal on final review insufficient to establish personal involvement in alleged underlying violation); <u>Watkins v. Horn</u>, 1997 WL 566080 at * 4 (E.D.Pa. 1997)(concurrence in an administrative appeal process is insufficient to establish personal involvement).

Thus, the Motion to Dismiss filed by the Remaining Defendants should be granted with respect to all claims and all Defendants -with the exception of the retaliation claim made against Defendants Leggett, Crumb, Ruvo, Caldwell and Kremposky. No motion to dismiss has been made with respect to the excessive force claim against Defendant Crumb, and that claim remains as well.

3.  **Motion to Amend**.

Tindell has filed a Motion to Amend the Complaint (Doc. 30), and has attached a proposed Amended Complaint. The Court has compared the proposed Amended Complaint to the original Complaint and, except for a few paragraphs with additional factual allegations in support of claims already articulated in the original Complaint, the Court can discern no new claim in the proposed Amended Complaint. In short, the proposed Amended Complaint adds nothing of substance to this case, and does nothing to address the deficiencies identified in the Motions to Dismiss filed by the Defendants. The Motion to Amend (Doc. 30) should be denied.

4.  **The Motion to Remand**.

Tindell asserts that this case should be remanded to the state courts (Doc. 31). He fails, however, to state a reason although he clearly raises federal claims in his Complaint. That said, it was properly removed from the state courts. See, 28 U.S.C. §§ 1441, 1446. Hence, the Motion to Remand lacks merit and should be denied.

## CONCLUSION

On the basis of this Report, it is respectfully recommended that the Motion to Dismiss or for More Definite Statement filed by Defendant Herbik (Doc. 15) be granted, that the Partial Motion to Dismiss filed by the Remaining Defendants (Doc. 23) be

granted, and that the Plaintiff's Motions to Amend the Complaint (Doc. 30) and Motion to Remand (Doc. 31) be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by June 20, 2008.

June 4, 2008

Francis X. Caiazza
United States Magistrate Judge

cc:

ARCHIE TINDELL
EW-6464
SCI Fayette
Box 9999
50 Overlook Drive
LaBelle, PA 15450